HERMINIO BARRETO, Plaintiff and Appellant, *v.* SHERRIS CARIBBEAN, INC., Defendant and Appellee.

No. R-65-63.     Decided December 2, 1965.

*Federico J. Pérez Almiroty* for appellant. *Enrique Igaravídez* and *Raymond L. Acosta* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

On November 12, 1964, Herminio Barreto, appellant, owner and lessor of a commercial building located in Santurce, brought an unlawful detainer proceeding against his tenant, Sherris Caribbean, Inc., in the Superior Court, San Juan Part, on the following grounds: (1) that the conventional term had expired and (2) that the tenant had partially subleased said premises to two other entities without a previous written authorization from the lessor.

In its answer the defendant only admitted that Barreto was the owner of the building. It denied the existence of the lease, and, of course, its expiration, the request to vacate served on it on May 5, 1964, that is to say, 26 days prior to its expiration, and that it had refused to vacate the premises. It also denied having violated the contract and the law applicable to the case, for having partially subleased the premises during the term of the contract. It prayed for the dismissal of the action with assessment of costs and attorney's fees.

The answer to the complaint—as it may be inferred from the foregoing—consisted of a denial of nearly all the facts adduced. It did not plead any special defenses in law or fact against the causes of action brought. No other person or entity intervened or requested to intervene in the case.

The hearing of the case on the merits was held on December 21, 1964, at which oral and documentary evidence was introduced. Based on this evidence the trial court, two days later, made the following findings:

"FINDINGS OF FACT

1. Plaintiff is the owner of commercial premises marked with number 2434-A which are part of the building owned by him and located on Loiza Street, in Santurce.

2. The aforesaid premises were leased to defendant under a written contract dated June 1, 1961, for a term of three years, the tenant having option to extend the said contract at expiration time of the original term of three years if thirty days prior to the date of expiration, it notified lessor of its intention to extend it.

3. The tenant tried to notify in writing its intention to extend the contract but its letter was not received by the lessor because the latter had changed his address.

4. Clause seven of the lease contract expressly prohibits the tenant from subleasing the premises without written consent from the lessor. However, in the same clause the tenant was granted the right to sublease desk space without need of obtaining the lessor's previous consent.

5. The tenant and defendant herein subleased office space to the firms Borinquen Insulation Co., Inc., and Leaders Marx Thread, Co. The spaces occupied by these two firms are completely separated from the rest of the premises occupied by the defendant herein by means of partitions from the floor to the ceiling, each one of them having a door which may be locked with a key.

6. Prior to the filing of the complaint in this case the plaintiff was aware that the defendant had subleased the aforesaid spaces to Borinquen Insulation Co., Inc., and to Leaders Marx Thread, Co. Likewise he was aware of how these spaces had been separated from the rest of the premises occupied by the defendant.

Based on the foregoing findings of fact, the Court makes the following:

CONCLUSION OF LAW

I. Assuming, without deciding it now, that the space occupied by Borinquen Insulation Co., Inc., and Leaders Marx Thread, Co. constitutes a sublease in violation of the contract signed by the plaintiff and the defendant on June 1, 1961,

these subtenants become indispensable parties in this case, wherefore, because of the failure to join them as codefendants the complaint in this case is hereby dismissed."

Relying on those findings the respondent court rendered final judgment on January 21, 1965 dismissing the unlawful detainer proceeding.

The original record of the case reveals that after judgment was rendered the following occurred:

(1) Copy of the service of Notice of Judgment was filed in that record on January 26, 1965.

(2) On the following February 1, the plaintiff filed a "Motion Requesting Additional Findings Under Rule 43.2 and Other Particulars." On the same date notice thereof was served on defendant.

(3) On the 3d of that same February the trial court dismissed it outright, notifying the parties on that same day.

(4) On February 4, that is to say, next day, plaintiff filed a writing entitled "Motion". In it he informed the court that on that day "he was aware of the fact that prior to the date on which this court rendered its judgment in this case," the defendant had caused the premises to be vacated by the two subtenants, which pursuant to the judgment should have been joined as codefendants, and that under such circumstances it was appropriate to "reopen the instant case to carry out the inspection requested . . . in our oral petition the day of the trial", and that the judgment be reconsidered and set aside for those purposes. Notice was served upon defendant on that date.

(5) On February 10 the hearing of that motion was set for the 26th of that month. On this date the hearing was held, both parties appearing. Plaintiff introduced oral evidence.

(6) On March 3, 1965, the motion for reconsideration was denied "because the Court believes that it is inappropriate to reopen the case to consider evidence of facts which

occurred after the day of the hearing of the case on the merits."

Notice of that decision was served on the parties that same day.

(7) On March 16 the plaintiff filed in the Superior Court, San Juan Part, a "New Motion for Reconsideration of Judgment". It does not appear that it was effectively served on the defendant.

(8) On March 17 the court "denied" it without any hearing. This last decision appears served on the parties and filed in the record on March 18, 1965.

Plaintiff filed his petition for review in this Supreme Court on April 6, 1965.

We note that the first motion for reconsideration was filed on February 4, that is to say, on the ninth day after the filing of the copy of the notice of the final judgment.

■ It was timely filed, then, pursuant to Rule 47. It was argued and then decided adversely to plaintiff on March 3. He was notified thereof on that same date. The term for review expired on Friday, April 2, 1965. However, the petition was filed on Tuesday, April 6, four days after the fatal term to file had expired.

■ ■ This absolutely divests us of all jurisdiction to decide the petition on the merits. On the contrary it cannot be argued that the term to file it should be counted as of March 18 when the decision denying the "New Motion for Reconsideration of Judgment" was served on the plaintiff, because except for the fifteen days set forth by Rule 47, new motions for reconsideration of a final judgment cannot be filed. It is feasible to file, not being forbidden by Rule 47, several motions for reconsideration within the fatal term of fifteen days, but once it has expired, the right to move again for reconsideration of judgment prescribes.

■ Upon considering whether the writ should be issued, we did not have all the necessary information to determine whether we had acquired jurisdiction on the petition.[1] We had it subsequently, when the original record was sent to us. The fact that the petition seemed apparently to have been timely filed and the failure of defendant-appellee to object to its issuance, induced us to issue improperly the writ which we now set aside.

For the reasons stated this appeal will be dismissed for lack of jurisdiction.

■ Now then, that technical dismissal of the petition which we have decreed on our own initiative, under the attendant circumstances, should not leave plaintiff-appellant destitute of any legal opportunity to review the judgment appealed from within the same suit and in the trial court.

■ The elaborate and well-founded "New Motion for Reconsideration of Judgment", untimely filed—49 days after notice of judgment had been served—was inoperative as such. But after it is studied, analyzed, and meditated with due

---

[1] That situation arises frequently. Sometimes the petition for review in no way states the date on which the final judgment appealed from was rendered, nor the date on which the copy of the notice of judgment was filed in the original record. It creates inconveniences for us in the determination we previously and generally make of whether the petition for review has been filed within the fatal term established by law or out of it.

Rule 15.1(b) of our Rules establishes in part:

"(b) The petitioner in a petition for review or for certiorari, of the nature specified in paragraph (a), shall comply with Rule 15(c) hereof, as regards the petition, and it shall also *specify the date on which the order or judgment that has been attacked was rendered, as well as the date of the filing with the record of the return of service to the parties,* and shall serve the adverse parties with copy of the memorandum required by the said Rule, together with the petition." (Italics ours.)

That omission may cause serious inconveniences to lawyers and their clients, especially to those who wait until the last available moment of the last day of the term to file the petition for review, a risky habit rather widespread. The same Rules provide in Rule 22(c) that

"The Secretary *shall not accept* any document that does not comply with the requirements of these rules."

serenity, one will inescapably come to the conviction that it adduces several and meritorious legal reasons, difficult to ignore, for requesting that the plaintiff be relieved from the effects or consequences of the judgment flatly dismissing his complaint because of nonjoinder of parties. Therefore, under the terms of Rule 49.2(6), which we consider applicable as supplementary procedural law for unlawful retainer cases, (Rule 61 and see *Coll* v. *District Court*, 68 P.R.R. 114, 118, (1948)) that motion should be argued at a public hearing, considered and decided on the merits as it may be most proper at law and justice.

It could happen that, as a result of that thoughtful consideration on the merits, the trial court could dismiss it again, but it could also conclude that the same should prosper.

It will also be ordered that the original record of the unlawful detainer case and the documentary evidence sent with it, be remanded to the Superior Court, San Juan Part, so that the latter shall proceed to hold a hearing on the merits of the said "New Motion for Reconsideration of Judgment," filed therein on March 16, 1965, and decide it promptly in the manner provided by law, considering it as a timely request for relief from the judgment rendered in that case, under the terms of Rule 49.2 of Civil Procedure, 1958.

